**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT SIMS,

      Plaintiff-Appellant,

v.

THE BOEING COMPANY,

      Defendant-Appellee.

No. 99-3242
(D.C. No. 98-CV-1350-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **ANDERSON,** and **EBEL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se plaintiff Robert Sims appeals the district court's grant of summary judgment in favor of defendant The Boeing Company (Boeing) in his

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

discrimination and breach of collective bargaining agreement case. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Mr. Sims worked as a member of Boeing's aircraft modification crew in Wichita, Kansas, from January 23, 1984, until his termination on August 23, 1995. Briefly, the events leading to his termination are as follows. In order to get back on schedule to meet one of its airplane modification deadlines, Boeing asked Mr. Sims's crew for volunteers to transfer to second shift assignment. When none of the crew members volunteered, Mr. Sims's supervisor and his supervisor's manager selected crew members for the second shift, including Mr. Sims.

Mr. Sims requested that he be moved back to first shift for family-related reasons. Boeing denied his request. On August 21, 1995, Mr. Sims reported for duty to the first shift without permission to do so. During a meeting that day, Mr. Sims's superiors warned him that he if he failed to show up to the second shift he could be terminated. Despite this warning, the next day Mr. Sims again reported for duty to the first shift and, again, was warned that he could be terminated for insubordination. On August 23, 1995, Mr. Sims reported to the first shift–for the third consecutive day–and Boeing terminated him. Approximately one week later, Mr. Sims filed a grievance with his union, the International Association of Machinists and Aerospace Workers, AFL-CIO.

Neither party pursued the grievance. Three years later, in July 1998, Mr. Sims filed a charge against his union with the National Labor Relations Board (NLRB). The NLRB wrote to Mr. Sims that he would have to show evidence of discriminatory behavior on the part of the union predating his complaint by six months or less, otherwise his charge would be dismissed. Mr. Sims did not respond to this request. In August 1998, Mr. Sims initiated this action in Kansas state court. Boeing removed the action to federal court based on diversity jurisdiction and federal question.

The district court granted summary judgment in Boeing's favor on all of Mr. Sims's claims. The district court construed Mr. Sims's short complaint as raising three claims: (1) race-based discrimination under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, premised on his transfer to the second shift; (2) race-based discrimination under Title VII premised on his termination; and (3) breach of the 1992 collective bargaining agreement between Boeing and Mr. Sims's union. Because there was no direct evidence of discrimination, the district court applied the McDonnell Douglas burden-shifting scheme to both of Mr. Sims's discrimination claims. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). As to his first claim, the district court found that his transfer to the second shift was not an "adverse employment action." Sanchez v. Denver Pub. Sch., 164 F.3d 527, 532 (10th Cir. 1998) (explaining that "mere

inconvenience" does not fall within category of "adverse employment action" which requires a "significant change in employment status") (quotations omitted). As to his second claim, the district court found Mr. Sims could not show that similarly situated non-minority individuals were treated differently. See Aramburu v. The Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997) ("To assert a claim of disparate treatment, the plaintiff must show that he was treated differently than other similarly situated employees who violated work rules of comparable seriousness."). The district court also noted that, even if Mr. Sims could make a prima facie case on either claim, he failed to come forward with any evidence to rebut Boeing's proffered legitimate, nondiscriminatory reasons for his transfer and termination. Specifically, Boeing needed qualified employees to work the second shift to meet a deadline and terminated Mr. Sims when he insubordinately, repeatedly refused to work on his assigned shift.

As to Mr. Sims's breach of collective bargaining agreement claim, the district court first noted in general that Mr. Sims's exclusive remedy was the union's grievance procedure. Next, the district court acknowledged that, as an exception to an exclusive grievance remedy, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, permits judicial review of "hybrid" suits where the employee alleges both that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation.

See Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 420 (10th Cir. 1990). The district court noted that, since section 301 suits must be initiated within six months of the date the employee should have known that the union abandoned the claim, Mr. Sims's section 301 claim was time barred. Notwithstanding this, the district court found no evidence from which it could infer that the union breached its duty to Mr. Sims and further noted that there was no evidence that Boeing breached the collective bargaining agreement because that agreement gave Boeing the right to assign employees to any shift. [1]

On appeal, Mr. Sims argues that: (1) the district court erroneously interpreted the collective bargaining agreement; and (2) that he was put on second shift because of his race. We review de novo a grant of summary judgment and apply the same standard as applied by the district court. See Sorensen v.

---

[1]    The pertinent section of the collective bargaining agreement between Boeing and Mr. Sims's union provided as follows:

> [Boeing] shall have the exclusive right to assign employees to any shift. Subject to the foregoing, senior employees who have a shift preference on file shall be given preference over other employees and new hires for placement in open job titles in their job title in their organization. If an employee does not file a shift preference, it shall be assumed that he is on his preferred shift. Under no circumstances will the provisions of this Section [ ] be construed to enable an employee, at his instance and request, to displace a less senior employee from his job and shift.

R., Doc. 25, Ex. 4 to Sims Dep.

University of Utah Hosp., 194 F.3d 1084, 1086 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As required, "we view the factual record and inferences therefrom in the light most favorable to the nonmoving party." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1313 (10th Cir. 1999).

We have reviewed the parties' submissions, the record, and the relevant law. We have nothing further to add to the district court's thorough and well-reasoned analysis. Accordingly, we affirm for substantially the reasons set forth in the district court's memorandum and order dated July 13, 1999.

The judgment is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-6-